# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
### CRIMINAL ACTION NO. 3:13-CR-00161-TBR-DW

UNITED STATES OF AMERICA,                                   Respondent/Plaintiff,

v.

JOSHUA RILEY SPANGLER,                                        Movant/Defendant.

## MEMORANDUM OPINION

In 2014, Joshua Riley Spangler pleaded guilty to two counts of bank robbery. [*See* R. 1 at 1–2 (Indictment); R. 16 (Order of July 9, 2014).] Based on two prior state-court convictions for robbery in the second degree, Spangler qualified as a "career offender" under United States Sentencing Guidelines §§ 4.B1.1 and 4B1.2(a). [*See* R. 22 (Final Presentence Investigation Report) (Sealed).] The Court sentenced him as a career offender to concurrent terms of imprisonment totaling one hundred and fifty-one months. [R. 24 (Judgment).] Spangler did not pursue an appeal, and so his conviction became final in December 2014. Instead, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in December 2016. [R. 28 (Motion to Alter, Set Aside, or Correct Sentence).]

The Court referred that motion to Magistrate Judge Dave Whalin for findings of fact, conclusions of law, and a recommended disposition. [R. 29 (Order of Referral).] In a well-reasoned opinion, the Magistrate Judge concluded that none of Spangler's arguments merited relief and, therefore, recommended that his motion be denied. [R. 32 (Findings of Fact, Conclusions of Law, and Recommendation).] Spangler disagrees, and so objects to the Magistrate Judge's conclusion. [R. 33 (Objection).] Having made a *de novo* review of the record, the Court agrees with the Magistrate Judge's opinion in full.

Spangler's sole argument is that he does not qualify as a "career offender" because the residual clause of the Sentencing Guidelines is void for vagueness. [R. 28 at 5–6.] Since Spangler filed his motion, however, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, —— U.S. ——, ——, 137 S. Ct. 886, 895 (2017); *see also United States v. Patterson*, 853 F.3d 298, 305–06 (6th Cir. 2017). To the extent Spangler raises other, collateral issues, he has done so too late. *See* 28 U.S.C. § 2255(f) (setting forth a one-year limitations period). In sum, the Magistrate Judge correctly held that Spangler is neither entitled to relief nor to a certificate of appealability.

The Court **ADOPTS** the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation, [R. 32], **OVERRULES** Spangler's Objection, [R. 33], and **DENIES** Spangler's Motion to Vacate, Set Aside, or Correct Sentence, [R. 28].

A Certificate of Appealability is **DENIED** as to each claim asserted in Spangler's Motion to Vacate, Set Aside, or Correct Sentence, [R. 28].

A separate order and judgment shall issue.

Date:

cc:     Counsel of Record
        Movant, *pro se*